UNITED STATES v. McCLANE et al.

(Circuit Court, D. Oregon. April 28, 1896.)

1. OFFICIAL BONDS—INDIAN AGENT—PAYMENT UNDER MISTAKE.
   The bondsmen of an Indian agent cannot be held liable for a mistake of fact or law, or error of judgment, or misconstruction of authority, by such agent, in disbursing money in good faith for the benefit of the government, though the payment has been disallowed in his accounts.

2. SAME—FAILURE TO FILE RECEIPT.
   The mere failure of an Indian agent to file a receipt, with his accounts, for money actually disbursed for the benefit of the government, is not enough to charge his bondsmen for such money.

3. SAME—DISPOSITION OF PROPERTY.
   Nor is the mere failure of such agent's property return to show the disposition of a large quantity of clothing and provisions sufficient, without other evidence to authorize an inference, in an action against his bondsmen, that such property has been misapplied.

4. SAME—ALLEGATIONS AND PROOF.
   There can be no recovery, in an action against the bondsmen, of an Indian agent, for specific articles or goods not accounted for, upon allegations that such agent has failed to account for moneys received by him.

Daniel R. Murphy, U. S. Atty., and Charles J. Schaubel, Asst. U. S. Atty.

W. H. Holmes, for defendants.

BELLINGER, District Judge. This is an action by the United States to recover the sum of $150.85 upon the official bond of J. B. McClane as Indian agent at the Grand Ronde agency, Or. It is alleged that, of the money of the United States received by said

agent, there remains in his hands, unaccounted for, said sum of $150.85. There is no proof that McClane retained possession of the amount claimed, or that he appropriated any part of it to his own use. The proof is entirely consistent with the use of this money for government purposes. Of the amount claimed against the bondsmen, $99.75 were paid out by the agent, for clerk hire, to La Fayette Williams, contrary to instructions from the office of Indian affairs, and this amount was disallowed in the agent's accounts. There is nothing to impeach the good faith of the agent in making this payment, and it appears that the services for which the money was paid were rendered. The services are not disputed, and the only complaint is that they were not authorized. If McClane disbursed this money in good faith for the benefit of the government, his bondsmen are not liable for any mistake of fact, or mistake of law, or error of judgment, or misconstruction of authority, by him. This doctrine is firmly established by the authorities collected in State v. Chadwick, 10 Or. 465, and by the decision in that case.

Two other items are of express charges, amounting to $1.65. These items were disallowed because the receipts of the express company were not furnished. The account shows what the charges were for, and leaves no doubt but that the payments were in fact made, and that the government has had the benefit of them.

The agent's property return fails to account for 15 jackets and pants, at $1.75 each, amounting to $26.40; for 2 dictionaries, at $14.-56 per dozen, making $2.43; and for 316 pounds of beef, at 6 cents per pound, making $18.96. It appears, also, that the agent gives himself, in his account, an excess of credit for lamp wicks amounting in the aggregate to 22 cents, and he has credited himself with $11.50 for a stove and six joints of pipe, whereas the receipt accompanying the voucher is for only $11.25,—an excess of credit amounting to 25 cents. These several items make up the amount for which this action is brought. There is no claim that the government has not had the use and benefit of this property, except as to the lamp wicks, and overcharge on the stove and pipe, but only that it has not been accounted for. The mere failure thus to account is not, in my judgment, under the circumstances of the case, enough to authorize an inference that this property has been misapplied. A misapplication of jackets and pants, and of a large quantity of fresh beef, ought to be susceptible of other proof than that of the negative testimony of an agent's property return. There is much stronger inference that the failure of the agent's abstracts to show what became of this property is due to negligent bookkeeping, than that the agent consumed this beef, or sold it, or the unaccounted for jackets and pants, on his private account. It is manifest that the express charges in this account were paid. The account shows what they were paid for, and the failure to file a receipt is not enough to charge the bondsmen on this account; and what is true as to these items is probably true as to the other property not accounted for on the property return. The charges as to lamp wicks and stove pipe are probably overcharges in the agent's account. They aggregate 45 cents. The allegations of the complaint are that the agent has

failed to account for moneys received by him, belonging to the
United States, and that he retains such money in his possession.
Upon such allegations there can be no recovery for specific articles
or goods not accounted for.